# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JERMAINE M. CANNON,            )
                                        )
                 Plaintiff,  )
                                          )
                     v.           )           No. CIV-08-189-FHS
                                          )
CHESTER MASON, et. al.,        )
                                          )
                 Defendants. )

## ORDER

Plaintiff, Jermaine Cannon, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his stay at the Oklahoma State Penitentiary.

On May 27, 2008, while a prisoner at the Oklahoma State Penitentiary plaintiff filed his civil rights complaint alleging numerous civil rights violations. Specifically, plaintiff alleges defendants have violated his Eighth Amendment by requiring plaintiff to pay a $2.00 co-pay for medications and for medical office visits.  Plaintiff seeks an award for damages as compensation for past and future injuries, punitive damages, court costs and all other and further relief.

At all times relevant to his complaint, plaintiff was housed at the Oklahoma State Penitentiary. To exhaust his administrative remedies pursuant to the Department of Corrections grievance procedures for all claims not involving misconducts, a prisoner within Department of Corrections's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, 3) an appeal of the facility

head's response to the administrative review authority.  An
inmate has not exhausted his available administrative remedies
until he properly and timely files a grievance appeal to the
administrative review authority (or the chief medical officer for
medical grievances) and receives a response from that official.
According to Chester Mason, Correctional Health Services
Administrator for the Health Services Unit at the Oklahoma State
Penitentiary, the grievance log does not show a grievance having
been received concerning the issues presented in plaintiff's
complaint.  According to Mike Murray, Nurse Manager at the
Department of Corrections' Medical Services Administration,
plaintiff failed to properly and timely file a grievance appeal
regarding the matters presented in his complaint.  Plaintiff has
not filed a medical grievance appeal to the chief medical officer
or the Department of Correction's administrative review
authority.  The only evidence plaintiff offers that he did
exhaust his remedies is an unsupported claim in his response.
This is simply insufficient. Therefore, plaintiff has simply
failed to exhaust his administrative remedies as to any claim in
his lawsuit.

A plaintiff is required to exhaust each claim prior to
bringing litigation.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any
> other Federal Law, by a prisoner confined in any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
> 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.
2002) the Tenth Circuit Court of Appeals stated:

An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his claims. Accordingly, defendants' motion to dismiss/motion for summary judgment is hereby **GRANTED**.

**IT IS SO ORDERED** this 17th day of November, 2008.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3